**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**DOROTHY JEAN GINN,**

      **Plaintiff,**

      v.

**SHARON BURROUGHS,**

      **Defendant.**

**Civil Action No. 18-3763 (ES) (JAD)**

**MEMORANDUM OPINION AND ORDER**

**SALAS, DISTRICT JUDGE**

    Before the Court is Defendant Sharon Burroughs' ("Defendant") motion to dismiss *pro se* Plaintiff Dorothy Jean Ginn's ("Plaintiff") Complaint. (*See* D.E. No. 2). The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court makes the following findings:

    1.    On February 6, 2018, Plaintiff, filed a complaint against Defendant in the Superior Court of New Jersey, Special Civil Part. (*See* D.E. 1-1, Complaint ("Compl.")). Her Complaint seeks $5,082.00 in monetary damages for "rudeness, extreme abuse of authority, denial of [Plaintiff's] request for [a] fair hearing, slander, wrongful accusation, reckless endangerment of a mentally ill client, [and] intentional infliction of emotional distress." (*Id.*). Her Complaint contains no other allegations. (*See id.*).

    2.    On March 19, 2018, Defendant removed the case to this Court. (*See* D.E. No. 1). Defendant states that she is a Social Security Administration ("SSA") employee. (*Id.* ¶ 1; *see also* D.E. No. 3[1] (alleging that Plaintiff called the SSA and spoke with Defendant who allegedly denied

---

[1]     On April 11, 2018, Plaintiff filed this letter with the Court, which the Court construes as an opposition to the motion to dismiss. Plaintiff explains that on September 15, 2017, she called the SSA Newark Office to "request a fair hearing" in connection with a letter Plaintiff had received from the SSA. (D.E. No. 3). Plaintiff states that she spoke with

Plaintiff "my request for a fair hearing"). As such, Defendant explains that this action involves issues of federal law that have been brought against an agency of the federal government. (D.E. No. 1 ¶ 4).[2] On March 27, 2018, Defendant filed a motion to dismiss the Complaint raising two main arguments. Defendant first argues that this Court lacks jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the doctrine of sovereign immunity prevents Plaintiff's claims. (D.E. No. 2-1 at 3-4). Defendant's second argument is that even if jurisdiction is proper, the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's allegations are too barebone. (*Id.* at 5).

3. "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the

---

Defendant who allegedly denied Plaintiff the "right to a fair hearing [and] she also accused me of somehow asking her to change the law." (*Id.*). Plaintiff attached the SSA letter in question, which is dated September 8, 2017. (*See id.* at 2). This letter, however, actually informed Plaintiff that she "may be eligible to receive" *additional* Social Security benefits, and that the agency had scheduled an appointment for Plaintiff to file the documentation needed to obtain those benefits. (*Id.*). Thus, it is unclear why Plaintiff sought a "fair hearing" when apparently the agency had actually provided her with the opportunity to obtain additional benefits and a mechanism by which she could take advantage of that opportunity.

Plaintiff attaches two other letters dated November 17 and December 6, 2017, notably after the above-mentioned call. (*Id.* at 3 & 5). The November 17 letter indicates that the SSA was reducing Plaintiff's Supplemental Security Income ("SSI") payments "because you did no apply for an take all necessary steps to obtain any other benefits or payments for which you may qualify." (*Id.* at 3). This letter informed Plaintiff of how she could appeal the decision. (*Id.* at 4). The December 6 letter is a statement for overpayment of SSI paid to Plaintiff, in which the SSA sought reimbursement. (*Id.* at 5). Thus, it appears that Plaintiff's Complaint arises out of these later decisions by the SSA. That said, however, the Complaint lacks any factual allegations clarifying just how Defendant denied Plaintiff's right to a fair hearing or caused any of the alleged injuries.

[2] Defendant also argued in the Notice of Removal, but not the instant motion, that Plaintiff did not properly serve the United States as required by Federal Rules of Civil Procedure 4(i)(1) and 4(i)(2). (*See id.* ¶ 3). Federal Rule of Civil Procedure 4(i) states in relevant part:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
> (1) *United States.* To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a facial challenge to subject matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* In a factual attack to subject matter jurisdiction, however, "the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997). The plaintiff has the burden of establishing that subject matter jurisdiction exists. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). If the court finds that it lacks subject matter jurisdiction, then "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.");

4. To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff. . . ." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). Moreover, because Plaintiff is proceeding *pro se*, the Court must construe the pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010), *aff'd*, 436 F. App'x 70 (3d Cir. 2011) (citing *Morse v. Lower Merion School Dist.,*

132 F.3d 902, 906 (3d Cir.1997)).

5. It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted); *see also United States v. Bormes*, 568 U.S. 6, 9 (2012). Moreover, "[a] suit against a Federal agency is a suit against the United States for the purposes of sovereign immunity." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 388 (D.N.J. 1996); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). And a suit filed against a federal official in his or her official capacity is actually a suit against the United States. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). Therefore, absent a specific waiver of sovereign immunity, the courts lack subject matter jurisdiction over claims against the United States and its agencies. *See, e.g.*, *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996); *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1085 (3d Cir. 1992); *see also Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 240 (3d Cir. 2011).

6. "A party suing the federal government bears the burden of establishing that the United States has unequivocally waived its immunity from suit." *United States v. Schiaffino*, 317 F. App'x 105, 106 (3d Cir. 2009). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed in the statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Therefore, in analyzing whether Congress has waived immunity, waivers are strictly construed in favor of the sovereign, and not enlarged beyond what the language requires. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992).

7. Here, Defendant is an employee of the SSA, a federal agency. (*See* Compl.; D.E. No. 1 ¶ 1; D.E. No. 3). Further, Plaintiff appears to be suing Defendant in her official capacity. (*See* Compl. (alleging Defendant committed "extreme abuse of authority," and denied Plaintiff's "request

for a fair hearing" apparently in connection with her social security benefits); D.E. No. 3 (alleging that Plaintiff called the SSA and spoke with Defendant who allegedly denied Plaintiff's "request for a fair hearing")). Therefore, this suit must be treated as a suit against the United States. *See Kentucky*, 473 U.S. at 166; *Dugan v. Rank*, 372 U.S. 609, 620 (1963). As such, it is incumbent on Plaintiff to establish "that the United States has unequivocally waived its immunity from suit." *Schiaffino*, 317 F. App'x at 106. Plaintiff's Complaint, however, does not state any basis for such a finding. (*See* Compl.). Since Plaintiff has not met her burden, her Complaint must be dismissed because it does not establish the basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Steel Co.*, 523 U.S. at 94.

8. Moreover, even assuming that sovereign immunity did not apply here, Plaintiff's Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint states that she is suing Defendant for "rudeness, extreme abuse of authority, denial of [Plaintiff's] request for [a] fair hearing, slander, wrongful accusation, reckless endangerment of a mentally ill client, [and] intentional infliction of emotional distress." (*See* Compl.). But these allegations are far too vague and generalized, and do not support a cause of action for which relief can be granted. *See Iqbal*, 556 U.S. at 678 (noting that a complaint that puts forth "naked assertions devoid of further factual enhancement" is insufficient); *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (noting that a complaint must include "sufficient factual matter to show that the claim is facially plausible"); *D'Agostino*, 2010 WL 3719623, at *1 ("The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'").

9. Additionally, to the extend Plaintiff seeks to appeal a benefits determination by the SSA, Plaintiff has not alleged that she exhausted her administrative remedies and obtained a "final decision of the Commissioner of Social Security." *See* 42 U.S.C. § 405(g)[3] ("Any individual, after

---

[3] The appeals process outlined by 42 U.S.C. § 405(g) is made applicable to SSI cases by 42 U.S.C. § 1383(c)(3).

any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."). Relevant regulation defines "final decision" in terms of the completion of an administrative review process. 20 C.F.R. § 404.900(a)(5). To successfully complete the administrative review process, an applicant must make timely appeals through the administrative procedure governed by 20 C.F.R. § 404.900, *et seq.*[4] A final decision for purposes of § 405(g), and subsequent federal subject matter jurisdiction, may only be obtained at the conclusion of the administrative appeals process, unless an exception applies. 20 C.F.R. § 404.900(a)(5); *see, e.g.*, *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998). Consequently, an applicant's failure to follow the SSA appeals procedures will foreclose that applicant from obtaining jurisdiction in a federal district court. *See Bacon v. Sullivan,* 969 F.2d 1517, 1520–1521 (3d Cir. 1992).

10. Further, to the extent that Plaintiff is raising a tort claim against the United States, Plaintiff is required to comply with the Federal Tort Claims Act ("FTCA") which also requires exhaustion of administrative remedies. *See* 28 U.S.C. §§ 2675(a), 2401(b) (explaining that the FTCA waives the federal government's immunity from suit for certain tort claims as long as a claimant follows proper claim procedures, including the presentation of a claim to the appropriate federal agency within two years of the alleged negligence). Consequently,

---

[4] The procedure begins with an "initial determination" by the SSA, generally regarding the granting, suspension, or reduction of benefits. 20 C.F.R. § 404.902. The applicant may challenge an initial determination by filing a timely appeal to the SSA for "reconsideration." 20 C.F.R. § 404.907. If the applicant is not satisfied after reconsideration, she may make a timely appeal for a hearing before an administrative law judge ("ALJ"). 20 C.F.R. § 404.929. If the applicant remains unsatisfied by the ALJ's decision, she may then make another timely appeal to an administrative Appeals Council. 20 C.F.R. § 404.967. Decisions of the Appeals Council are considered "final decisions" under § 405(g), and only then may the decision be appealed to the appropriate federal district court. 20 C.F.R. § 404.981.

IT IS on this 11th day of December, 2018

**ORDERED** that Defendant's motion to dismiss (D.E. No. 2) is GRANTED and Plaintiff's Complaint is DISMISSED *without prejudice*; and it is further

**ORDERED** that Plaintiff may file an amended complaint addressing the outlined deficiencies within 30 days of this ORDER, but **failure to do so shall constitute grounds for dismissal of this action *with prejudice***; and it is further

**ORDERED** that the Clerk of Court shall terminate Docket Entry Number 2.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**